No. 91-233

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

MILDRED I. BESTUL, et al,

  Plaintiffs and Respondents,

  -vs-

WILLIAM (Wm.) ZWICKY, et al,

  Defendants and Appellants.

APPEAL FROM: District Court of the Tenth Judicial District,
In and for the County of Petroleum,
The Honorable Peter Rapkoch, Judge presiding.

COUNSEL OF RECORD:

  For Appellant:

  Thomas Alan Kragh, Rosscup & Kragh, Polson, Montana;
  Bruce J. Meagher, Omholt, Meagher, Forsythe &
  Klessig, Iola, Wisconsin.

  For Respondent:

  Robert J. Waller, Waller & Womack, Billings,
  Montana; Gary A. Goetzke, Attorney at Law, St.
  Paul, Minnesota.

FILED

OCT 18 1991

Filed: *Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on briefs: October 10, 1991

Decided: October 18, 1991

Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

The appellants appeal the judgment of the District Court of the Tenth Judicial District, in and for the County of Petroleum, quieting title to a royalty interest in the respondents. We affirm.

In 1914 eight people formed, and invested money in, a hybrid partnership called "The Scandinavia Investment Company." Wm. Zwicky was named as trustee to hold title to the property of the partnership. Six of the persons owned ten percent and two owned twenty percent of the whole. The partnership purchased property in Petroleum County. Wm. Zwicky, as trustee, later conveyed this land to a third-party, reserving a royalty interest therein to the grantor. From this point on it becomes murky as to what happened to the reserved royalty interest, the partnership interests, and especially the one-tenth partnership interest which is still being litigated in this quiet title action. It is also murky as to how the partnership was dissolved and the property distributed to the partners.

All of the evidence is documentary evidence including old letters from one partner to the other partners: a 1956 stipulation and agreement between the trustees' heirs, purchaser, and heirs of the partners as to who owned what at what time in the partnership: and old and incomplete probate records.

The parties made cross-motions for summary judgment. There was no dispute as to any of the documents and there was no other evidence available other than the documentary evidence presented.

2

The court then, on the basis of the record and the inferences which could be drawn therefrom, eventually made findings of fact and conclusions of law and entered judgment for the respondents.

The issue is whether the court was correct in awarding the disputed share of the royalty interest to the respondents.

The evidence available in the record is sparse. However, the evidence does furnish reasonable grounds for different conclusions and the court did not misapprehend the effect of such evidence. It is up to the trial court to give appropriate weight to such evidence. The District Court made its findings, applied applicable law and its judgment should be affirmed, and it is so ordered.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company. Let remittitur issue forthwith.

We Concur:

Chief Justice

Justices

3



**ED SMITH**

**CLERK**

October  18, 1991

CERTIFICATE  OF  SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Thomas  Alan  Kragh
ROSSCUP  &  KRAGH,  P.C.
410  1st Street  **East**
Polson,  MT  59860

Bruce  J.  Meagher
OMHOLT,  MEAGHER,  FORSYTHE  &  KLESSIG
169 North  Main  Street
P.O.  Box  335
Iola,  Wisconsin  54945

ROBERT  J.  WALLER
Waller  &  Womack
P.O.  Box  1115
Billings,  MT  59103-1115

GARY  A.  GOETZKE
Attorney  at  **Law**
1791 Ashland  Ave.
St.  Paul,  MN  55104

ED  SMITH
CLERK  OF  THE  SUPREME  COURT
STATE  OF  MONTANA

BY:_____
Deputy